# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:16-cr-00133-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>PRISCILLA LYDIA TURNER, )<br>)<br>Defendant. )<br>_____ ) | O R D E R |

**THIS MATTER** is before the Court on the Defendant's "Motion Requesting that This Honorable Court Set Petitioner's Restitution Payment to $25.00 Per Quarter Due to Material Change in Petitioner's Economic Circumstances and Status" [Doc. 29].

In her motion, the Defendant asks the Court to modify the restitution payments that she is required by the Bureau of Prisons to make through the Inmate Financial Responsibility Program (IFRP). [Doc. 29].

The Bureau of Prisons has the authority to place the Defendant in the IFRP based on the wording contained in the Criminal Judgment. See United States v. Watkins, 161 F. App'x 337, 337 (4th Cir. 2006); Bramson v. Winn,

136 F. App'x 380, 381 (1st Cir. 2005). Before seeking relief from any court regarding obligations under the IFRP, a defendant must exhaust all administrative remedies through the Bureau of Prisons. <u>McGhee v. Clark</u>, 166 F.3d 884, 887 (7th Cir. 1999). Once all administrative remedies have been exhausted, a defendant may challenge such payments only by filing the appropriate pleading in the district court located in the district of confinement, not the sentencing court. <u>See</u> <u>Moore v. Olson</u>, 368 F.3d 757, 759 (7th Cir. 2004); <u>Matheny v. Morrison</u>, 307 F.3d 709, 711-12 (8th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion Requesting that This Honorable Court Set Petitioner's Restitution Payment to $25.00 Per Quarter Due to Material Change in Petitioner's Economic Circumstances and Status" [Doc. 29] is **DENIED**.

**IT IS SO ORDERED.**    Signed: May 15, 2018

Martin Reidinger
United States District Judge